IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MICHAEL STEVEN BANKS #A81938, )
                               )
            Plaintiff,         )
                               )
     v.                        )     No.  09 C 5792
                               )
CITY OF CHICAGO, et al.,       )
                               )
            Defendants.        )

## MEMORANDUM OPINION AND ORDER

Michael Banks ("Banks"), who is serving time at Menard Correctional Center for the 2001 killing of one Neal Washington, has just filed a self-prepared 42 U.S.C. §1983 ("Section 1983") Complaint. Banks seeks (1) what appears to add up to something over $240 million in damages against various defendants whom he blames for his present plight, as well as (2) an order for his immediate release. This Court has conducted the initial screening called for by 28 U.S.C. §1915A(a),[1] and this memorandum opinion and order dispatches Banks' lawsuit.

After first identifying his seven targeted defendants and providing information as to five earlier lawsuits that he has brought in this District Court (91 C 3410, 02 C 4269, 02 C 4271, 02 C 5450 and 04 C 7205), Banks sets out a closely written and highly repetitive narrative occupying more than 17 pages that detail his asserted grievances. In a way it would be unnecessary to treat with the substance of what he asserts because the

---

[1] All further references to Title 28's provisions will simply take the form "Section--."

dismissals of his earlier efforts by various of this Court's colleagues represent three "strikes" under Section 1915(g), thus requiring his prepayment of the full $350 filing fee, which Banks' documentation shows he cannot possibly manage.[2]

Section 1915(g) does contain an exception where a prisoner "is under imminent danger of serious physical injury." Banks appears to have done enough homework to spot that provision, for he has contemporaneously tendered a handwritten "Application To Proceed Pursuant to 28 USC, Section 1915(g)" ("Application"), and his sixth prayer for relief (found on the second last page of his narrative) says that "Defendants conduct was intentional inflicted which caused a mental and emotional distress of imminent danger of physical injury to Mr. Banks well-being"--an asserted wrong for which he asks a modest award of $100 million. But the Application advances nothing beyond that conclusory ipse dixit, and nothing in his extraordinarily detailed set of grievances even hints at a risk of "serious physical injury"--in short, Banks' attempted Section 1915(g) assertion is plainly frivolous and is a poster child for being discredited under the Supreme Court's recent teaching in the Twombly and Iqual cases.

What has been said to this point might end the discussion by

---

[2] Three of Banks' earlier cases--Banks v. Roth, 91 C 3410 (assigned to Judge Norgle), Banks v. Crane, 02 C 4260 (assigned to Judge Manning) and Banks v. Devine, 02 C 4271 (assigned to Judge Andersen)--were dismissed for reasons qualifying each as a Section 1915(g) "strike." Hence Banks has struck out in Section 1915(g) terms, because he does not succeed in shoehorning himself into the limited exception discussed next in the text.

2

simply denying Banks leave to proceed without paying the entire $350 filing fee up front.  But that would only postpone the inevitable, because Banks' Complaint is substantively dismissible under Section 1915A(b)(1) as "frivolous, malicious, or fail[ing] to state a claim upon which relief may be granted."  Only a little added discussion is necessary on that subject.

All of Banks' charges go back to 2001, the time of Banks' arrest and initial detention, or to 2004 or at the latest to January 2006, when Banks went on trial and was convicted.  All of those claims are of course thus outlawed by the two-year statute of limitations that applies to Illinois-based Section 1983 claims, and it will not do--as Banks attempts in a couple of places at the end of his narrative--to treat claims against persons whose actions took place outside of the limitations period as somehow kept alive because Banks' current incarceration is assertedly an <u>effect</u> that might be traced back to that earlier conduct.

In sum, Section 1915A(b)(1) applies to this action with full force.  It is dismissed with prejudice.[3]

_____
Milton I. Shadur
Senior United States District Judge

Date:  September 21, 2009

---

[3] Banks' Application contains a brief reference to "my motion for appointment of counsel," though he hasn't submitted such a motion.  In all events, he is obviously not entitled to such an appointment, for the current dismissal would render such a motion moot.